IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID BELENZON, <br><br> Plaintiff, <br><br> vs. <br><br> PAWS UP RANCH, LLC d/b/a RESORT AT PAWS UP and JOHN DOES 1-10, <br><br> Defendants. | CV 23–69–M–DWM <br><br><br> ORDER |

On April 8, 2021, David Belenzon participated in an e-bike trip at Paws Up Ranch, LLC d/b/a The Resort at Paws Up ("Paws Up"), during which he sustained an injury. (Doc. 11 at ¶¶ 3–4 (statement of stipulated facts).) On March 8, 2023, Belenzon filed a complaint in the Missoula County District Court alleging his injury was caused by Paws Up's negligence; the case was removed by Paws Up to this Court on June 6, 2023. (*See* Doc. 4.) On August 30, 2023, counsel for Paws Up, Thomas Marra, deposed Belenzon via Zoom; defending the deposition was Belenzon's pro hac vice counsel, Ellen Levin. (*See* Doc. 22-2.) Although defugalties arose during the deposition surrounding Levin's objections, neither party terminated the deposition under Federal Rule of Civil Procedure 30(d)(3). On October 2, 2023, after first meeting and conferring to try to address the deposition issues, Paws Up moved to compel Belenzon to appear, in person, in

1

Montana for the purpose of providing Paws Up the opportunity to complete its deposition. (Doc. 21.) For the reasons explained below, Paws Up is correct that Levin improperly objected to deposition questions, but their suggested sanctions are overly punitive. Thus, the motion (*id.*) is granted in part and denied in part.

I.   **Meet and Confer**

Paws Up and Belenzon agree that a meet and confer occurred, but Belenzon argues that Paws Up did not engage in this process in good faith. There is nothing in the record to support that conclusion. Under the District of Montana Local Rules, parties must "confer[] concerning all disputed issues before the motion [to compel] is filed. The mere sending of a written, electronic, or voicemail communication does not satisfy this requirement." L.R. 26.3(c)(1). Only "direct dialogue and discussion," such as "a telephone conversation" is sufficient. *Id.* The Federal Rule of Civil Procedure similarly instruct that before moving to compel discover, the movant must have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Here, on September 13, 2023, Paws Up sent a letter via email and U.S. Mail to Belenzon's counsel explaining the factual and legal basis for the instant defugalty. (Doc. 24-1.) On September 19, 2023, counsel for Paws Up and James Hunt, local counsel for Belenzon, conducted a phone call to discuss these issues.

2

(*See* Doc. 24-2 at 1.)  On September 25, 2023, Levin responded to Paws Up's original letter contesting the allegations and suggesting that to resolve the dispute without court intervention, *inter alia*, the parties engage in "a narrowed deposition to **re-ask** only those questions as agreed to by both parties, by Zoom, to be defended by Jim Hunt."  (Doc. 23-1 at 10.)  The parties have satisfied Local Rule 26.3(a)(1) and Federal Rule of Civil Procedure 37(c)(1) for the purposes of Paws Up decision to file the instant motion.

## II.   Deposition

Paws Up argues that on at least seven occasions, Belenzon's counsel improperly instructed him not to answer a question in violation of Federal Rule of Civil Procedure 30.  Belenzon counters that proper objections were made based upon lack of foundation, vague and ambiguous questioning, improper contention questioning, attorney-client privilege, and on the grounds that the questions violated Belenzon's right to privacy.  Paws Up is correct.

When defending a deposition, counsel may object "to the manner of taking the deposition, or to any other aspect of the deposition . . . but the examination still proceeds; the testimony is taken subject to any objection."  Fed. R. Civ. P. 30(c)(2).  Furthermore, "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  *Id.* "An objection must be stated

concisely in a nonargumentative and nonsuggestive manner." *Id.* "It is inappropriate for an attorney to use an objection to instruct a witness how to answer or not answer a particular question posed by the deposing attorney." *Sklany v. Mid-Century Ins. Co.*, 2006 WL 8435925, at *1 (D. Mont. May 17, 2006). Objections "should be legal and specific." *Id.* "It is inappropriate for counsel to instruct a witness not to answer a question on the basis of relevance." *Id.*

     Here, the transcript from the deposition shows that multiple objections were made in a suggestive manner at best, and as an instruction to abstain from answering a question at worst. (*See e.g.*, Doc. 22-2 at 2.) For example, in response to a question about Belenzon's dependent children, Levin objected: "I'm going to object to that. It is irrelevant. It's unlikely to lead to discovery of admissible evidence, lacks foundation. It is also an invasion of privacy. I'm going to instruct him not to answer." (*Id.*) When Paws Up's counsel replied by asking Belenzon to answer the question, Levin responded: "No, I've instructed him not to answer, counsel. I've made my objection, I've instructed him not to answer." (*Id.*) There were a number of other objections made in a similar way that violated Rule 30(c) by both improperly objecting and by improperly instructing Belenzon not to answer a question. The objections reflect a misunderstanding of the Civil Rules and Levin's deposition behavior was improper.

### III. Sanctions

Paws Up requests the following remedies as a result of Belenzon's counsel's improper deposition conduct: (1) follow-up in-person deposition of Belenzon in Montana; (2) costs for the deposition transcript; (3) fees to cover the original deposition on August 30, 2023; (4) fees and costs for this motion to compel and the follow-up deposition of Belenzon; and (5) $1,500.00 in additional sanctions. "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Because Belenzon's counsel impeded the fair examination of Belenzon, sanctions are warranted, but not to the extent Paws Up requests. Levin conducted herself in violation of the Federal Civil Rules and in doing so is now creating additional work both for both defense counsel and this Court. It is therefore necessary for Paws Up to re-depose Belenzon, for which it will incur fees and costs. Paws Up has also demonstrated why a second deposition, defended by Belenzon's local counsel, cannot occur over Zoom as Levin suggested. However, Paws Up has not demonstrated why all requested the fees, costs, and monetary sanctions are appropriate.

### IV. Conclusion

For the reasons explained above,

IT IS ORDERED THAT Paws Up's motion (Doc. 21) is GRANTED IN PART as follows and DENIED in all other respects:

(1) Belenzon must avail himself to a second deposition, to be defended by James Hunt. The deposition must take place in person, in Montana, and questioning may only include subject matter that is the subject of Paws Up's instant motion;

(2) Belenzon must pay costs for the deposition transcript (*see* Doc. 22-2) and fees and costs for this motion to compel and the follow-up deposition of Belenzon not to exceed $1,500.

DATED this 20th day of November, 2023.

_____
Donald W. Molloy, District Judge
United States District Court